UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ROBERT L. FREDRICK,

    Plaintiff,

    v.                                    CAUSE NO. 3:23-CV-808-DRL-MGG

OFFICER SCOTT RADKE,[1]

    Defendant.

OPINION AND ORDER

Robert L. Fredrick, a prisoner without a lawyer, filed a complaint. ECF 1. Under 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Mr. Fredrick is proceeding without counsel, his allegations must be given liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

---

[1] Mr. Fredrick's complaint lists the defendant as Corrections Officer Radkay. However, he subsequently submitted a letter to the clerk indicating the defendant's name was misspelled and that his correct name is Officer Scott Radke. ECF 6. In the interests of justice, the clerk will be directed to change the spelling of the defendant's name on the docket.

Mr. Fredrick, who is confined at the Indiana State Prison (ISP) in the minimum-security unit, slipped in the shower on February 23, 2023, and cut his arm on a metal shelf. He suffered a "large gash in his right arm just above his elbow area." ECF 1 at 3. After exiting the shower at approximately 5:45 pm, Mr. Fredrick approached Officer Scott Radke to seek medical care for his injury which was bleeding profusely. Officer Radke told Mr. Fredrick he was busy and that he would "have to wait to the next shift came to work in order to receive medical care." *Id*. He also refused to contact any other staff members for help. Another offender rinsed Mr. Fredrick's arm and wrapped it in a towel. Mr. Fredrick again asked Officer Radke for help, but he refused.

A shift change occurred fifteen minutes later at 6:00 pm, and Corrections Officer Taylor, who is not named as a defendant, entered the dormitory at approximately 6:15 pm. Mr. Fredrick explained the situation to Officer Taylor, and she "immediately contacted medical staff" and another officer. *Id*. at 4. Mr. Fredrick was escorted to a transport van and taken to the medical department at ISP's maximum-security unit. After he was examined, he was transported to an outside hospital due to the "severity of the injury to his arm." *Id*. at 5. Once there, he received a CT scan and stitches to close the wound. Mr. Fredrick has a "permanent scar." *Id*. He seeks compensatory and punitive damages against Officer Radke.

Under the Eighth Amendment, inmates are entitled to adequate medical care for serious medical conditions. *Thomas v. Blackard*, 2 F.4th 716, 722 (7th Cir. 2021). They are "not entitled to demand specific care," *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019), nor are they entitled to "the best care possible," *Forbes v. Edgar*, 112

F.3d 262, 267 (7th Cir. 1997); *see also Johnson v. Doughty*, 433 F.3d 1001, 1013 (7th Cir. 2006) ("The Eighth Amendment does not require that prisoners receive unqualified access to health care."). Rather, they are entitled to "reasonable measures to meet a substantial risk of serious harm." *Forbes*, 112 F.3d at 267. Courts must "defer to medical professionals' treatment decisions unless there is evidence that no minimally competent professional would have so responded under those circumstances." *Walker*, 940 F.3d at 965 (citation and quotations omitted). However, ignoring an inmate's complaints of pain or delaying necessary treatment can amount to deliberate indifference, particularly where the delay "exacerbates the plaintiff's condition or unnecessarily prolongs suffering." *Goodloe v. Sood*, 947 F.3d 1026, 1031 (7th Cir. 2020) (citations and quotations omitted).

Giving Mr. Fredrick the benefit of the inferences to which he is entitled at this stage, he has sufficiently alleged he had a serious medical need related to the cut on his arm and that Officer Radke was deliberately indifferent to it. Specifically, he claims the wound was bleeding profusely but Officer Radke was too busy to help and refused to contact anyone else for assistance. Although he received adequate medical attention when Officer Taylor arrived—within thirty minutes of first raising the issue with Officer Radke—he may proceed on an Eighth Amendment claim against Officer Radke for the time during which he alleges he was purposefully ignored. *See e.g., Goodloe v. Sood*, 947 F.3d at 1031.

Mr. Fredrick also complains that Officer Radke's actions—or lack thereof—violated "Indiana Department of Correction's written policies and procedures governing adequate medical care." ECF at 1. However, departmental policy violations do not

3

amount to constitutional violations. *See Wozniak v. Adesida*, 932 F.3d 1008, 1011 (7th Cir. 2019) ("[A] constitutional suit is not a way to enforce state law through the back door."); *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) (observing that "42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws or . . . departmental regulations"); *Conner v. Hoem*, 768 Fed. Appx. 560, 564 (7th Cir. 2019) ("In any case, the Constitution does not require state actors to enforce their own policies and regulations.") (citing *Garcia v. Kankakee Cty. Hous. Auth.*, 279 F.3d 532, 535 (7th Cir. 2002)). Therefore, Mr. Fredrick has not stated a claim by alleging Officer Radke failed to follow IDOC policies.

Finally, Mr. Fredrick has filed a motion for a status update regarding the screening of his complaint. Because this order will serve as an update, the motion will be denied as moot.

For these reasons, the court:

(1) DIRECTS the clerk to change the name of the defendant listed on the docket from Corrections Officer Radkay to Officer Scott Radke;

(2) DENIES AS MOOT the motion for a status update (ECF 9);

(3) GRANTS Robert L. Fredrick leave to proceed against Officer Scott Radke in his individual capacity for compensatory and punitive damages for being deliberately indifferent to the wound on Robert L. Fredrick's arm between 5:45 P.M. and 6:15 P.M. on February 23, 2023, in violation of the Eighth Amendment;

(4) DISMISSES all other claims;

(5) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Officer Scott Radke at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 1);

(6) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(7) ORDERS, under 42 U.S.C. § 1997e(g)(2), Officer Scott Radke to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

April 16, 2024                                         *s/ Damon R. Leichty*
                                                       Judge, United States District Court