UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ROBERT L. FREDRICK,

    Plaintiff,

v.                                    CAUSE NO. 3:23-CV-808 DRL-AZ

OFFICER JOHN RATKAY,

    Defendant.

## OPINION AND ORDER

Robert L. Fredrick, a prisoner without a lawyer, is proceeding in this case against Officer John Ratkay "in his individual capacity for compensatory and punitive damages for being deliberately indifferent to the wound on Robert L. Fredrick's arm between 5:45 P.M. and 6:15 P.M. on February 23, 2023, in violation of the Eighth Amendment[.]" ECF 10 at 4. Officer Ratkay filed a summary judgment motion, arguing Mr. Fredrick didn't exhaust his administrative remedies before filing this lawsuit. ECF 25. Mr. Fredrick filed a response, and Officer Ratkay filed a reply. ECF 38, 39. The summary judgment motion is now fully briefed and ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving

party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading but must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). The law takes a "strict compliance approach to exhaustion." *Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019). To exhaust remedies, "a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Id.*

Officer Ratkay provides Mr. Fredrick's grievance records and an affidavit from the prison's Grievance Specialist, which show the following facts. To exhaust a grievance, inmates must complete three steps: (1) a formal grievance; (2) a Level I appeal to the warden; and (3) a Level II appeal to the Department Grievance Manager. ECF 25-1 at 4; ECF 25-2 at 4. Specifically, if an inmate is dissatisfied with the grievance office's response to his grievance, he must submit a Level I appeal to the warden by completing the

2

appropriate sections of State Form 45473 (a grievance appeal form). ECF 25-1 at 6; ECF 25-2 at 13. Then, if the inmate is dissatisfied by the warden's response to his Level I appeal, he must submit a Level II appeal to the Department Grievance Manager by checking the "Disagree" box at the bottom of the grievance appeal form, signing the signature box, and returning the completed grievance appeal form to the Grievance Specialist. ECF 25-1 at 7; ECF 25-2 at 14.

On February 25, 2023, Mr. Fredrick submitted Grievance 152592, complaining Officer Ratkay denied him medical care. ECF 25-1 at 10; ECF 25-4 at 8-9. On March 22, 2023, the Grievance Specialist issued a response denying Grievance 152592. ECF 25-1 at 11; ECF 25-4 at 7. On April 6, 2023, Mr. Fredrick submitted a Level I appeal to the warden. ECF 25-1 at 11; ECF 25-4 at 3. On April 17, 2023, the warden denied Mr. Fredrick's Level I appeal. ECF 25-1 at 11; ECF 25-4 at 2-3. On April 18, 2023, Mr. Fredrick attempted to submit a Level II appeal to the Department Grievance Manager by returning the Response Report indicating he disagreed with the warden's response to his Level I appeal. ECF 25-1 at 11; ECF 25-5 at 2. However, Mr. Fredrick did not attach the completed grievance appeal form. *Id.* The Grievance Specialist informed Mr. Fredrick in writing that if he wished to initiate a Level II appeal to the Department Grievance Manager he would need to attach the completed form. ECF 25-1 at 12; ECF 25-7 at 2. Mr. Fredrick then resubmitted the same copy of the Response Report, and this time attached an incomplete copy of the grievance appeal form. ECF 25-1 at 12; ECF 25-6 at 2-3. Mr. Fredrick did not sign the form and check that he disagreed with the Level I appeal response. *Id.* The Grievance Specialist again informed Mr. Fredrick in writing of the deficiency, noting the

3

grievance appeal form was incomplete. ECF 25-1 at 12. The Grievance Specialist attests Mr. Fredrick never submitted a completed grievance appeal form, so never initiated a Level II appeal to the Department Grievance Manager. *Id.*

Officer Ratkay argues Fredrick didn't fully exhaust Grievance 152592 because he never submitted a completed grievance appeal form to successfully initiate a Level II appeal. ECF 26 at 13-15. In his response, Mr. Fredrick argues he did fully exhaust Grievance 152592 because he submitted a completed grievance appeal form to the grievance office on April 28, 2023. ECF 38 at 8. He provides a copy of the completed grievance appeal form he claims to have submitted to the grievance office. ECF 29-1 at 31. In his reply, Officer Ratkay argues Mr. Fredrick never submitted this completed grievance appeal form to the grievance office, but rather falsified the evidence to survive summary judgment. ECF 39 at 5-9. Specifically, Officer Ratkay argues the stamps on the grievance appeal form show that Mr. Fredrick took an unsigned copy of the form and forged his signature and date onto the form in an attempt to survive summary judgment. *Id.*

Here, there is a disputed material fact regarding whether Mr. Fredrick successfully initiated a Level II appeal and, thus, fully exhausted Grievance 152592. Specifically, the Grievance Specialist attests Mr. Fredrick never submitted a completed grievance appeal form to the grievance office, and Mr. Fredrick responds he submitted a completed grievance appeal form to the grievance office on April 28, 2023. This creates a genuine dispute regarding whether Mr. Fredrick submitted a completed grievance appeal form to the grievance office. This dispute is material because if Mr. Fredrick submitted a

4

completed form to the grievance office, the undisputed facts show he fully exhausted the administrative remedies that were available to him. Resolving this dispute will require a hearing as explained in *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008). However, the court will not schedule such a hearing unless Officer Ratkay files a motion requesting it.[1]

For these reasons, the motion for summary judgment (ECF 25) is **DENIED**. Officer Ratkay is **CAUTIONED** that if a *Pavey* hearing is not requested by **February 14, 2025**, the affirmative defense of exhaustion of administrative remedies will be waived.

SO ORDERED.

January 20, 2025                                                      *s/ Damon R. Leichty*
                                                                      Judge, United States District Court

---

[1] Officer Ratkay also argues Mr. Fredrick's signed and dated grievance appeal form should be stricken from the record because he didn't produce this document during discovery. ECF 39 at 2-4. However, Mr. Fredrick does not need this document to show a genuine dispute. Rather, Mr. Fredrick's testimony that he submitted a completed grievance appeal form is sufficient to create a genuine dispute. The legitimacy of the completed grievance appeal form is relevant toward Mr. Fredrick's credibility, which is a matter to be determined at the *Pavey* hearing.